(Not for publication)                                                                                              (Docket Entry No. 11)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____ :
                                    :
ACTEGA KELSTAR, INC.,               :
                                    :
              Plaintiff,            :    Civil No. 09-1255 (RBK/JS)
                                    :
         v.                         :    **OPINION**
                                    :
JAMES ROSS MUSSELWHITE,             :
                                    :
              Defendant.            :
_____ :

**KUGLER**, United States District Judge:

Plaintiff ACTEGA Kelstar, Inc. ("Kelstar" or "Plaintiff") brings this action against James Ross Musselwhite ("Musselwhite" or "Defendant") for breach of the duty of loyalty, breach of an employment agreement and misappropriation of trade secrets and confidential information. Presently before the Court is Defendant's motion to dismiss the complaint on the following grounds: lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); improper venue under Federal Rule of Civil Procedure 12(b)(3); and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion to dismiss will be denied.

**I. BACKGROUND**

In December 2000, Musselwhite began working as a sales representative for Kelstar International Enterprises, Inc. ("KIE"), a corporation engaged in the manufacture, marketing and

sale of specialty coatings and chemicals for the graphic arts industry.  (Verified Compl. at ¶¶ 10, 15, Ex. A at ¶ A.) Musselwhite entered into an employment agreement with KIE that contained restrictive covenants, including non-compete, non-solicitation, confidentiality and non-disclosure provisions.  (Verified Compl. at ¶ 24, Ex. A at ¶ 6.2.)  This contract provided that

> Musselwhite agrees and does hereby consent to and confer jurisdiction upon any court in the State of New Jersey which has statewide jurisdiction with respect to any proceeding arising out of this Agreement . . . .  In the event that any such suit is filed, Musselwhite shall not raise and hereby waives the defenses of jurisdiction over the person and jurisdiction over the subject matter, including venue.

(Verified Compl. Ex. A at ¶ 6.6.)  The contract further provided "[t]his agreement shall be binding upon and inure to the benefit of Musselwhite and [KIE], as well as their respective heirs, personal representatives and assigns."  (Id. at ¶ 7.4.)

In 2005, ALTANA AG, a holding company for, inter alia, Kelstar, acquired KIE.  Musselwhite continued to work as a sales representative following the acquisition and ultimately became regional sales manager for the southern region.  (Verified Compl. at ¶ 16.)  In June 2007, Musselwhite and Kelstar, as successor in interest to and formerly known as KIE, entered into an Amendment to the employment agreement.  This Amendment provided that Musselwhite acknowledged that he would continue to be bound by the restrictive covenants in the KIE contract, and that, as consideration for this acknowledgment, Kelstar would pay Musselwhite bonus commissions to which he would otherwise not be entitled.  The Amendment also provided that all terms and conditions of the KIE agreement not expressly modified by the Amendment would remain in effect.  (Verified Compl. Ex. B.)

On March 19, 2009, Kelstar filed a three-count complaint against Musselwhite, alleging that Musselwhite breached his duty of loyalty to Kelstar, violated the restrictive covenants in his

employment agreement, and misappropriated Kelstar's trade secrets and confidential information. Musselwhite now moves to dismiss Kelstar's complaint, based on a lack of personal jurisdiction, improper venue, and failure to state a claim for breach of contract.

## II. DISCUSSION

### A. Personal Jurisdiction

Generally, "once the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). However, where the court chooses not to conduct an evidentiary hearing, the plaintiff need only demonstrate a prima facie case of jurisdiction to defeat a motion to dismiss. See id. at 142-43 n.1 (citing Marine Midland Bank v. Miller, 664 F.2d 899, 904 (2d Cir. 1981); LaRose v. Sponco Mfg., Inc., 712 F. Supp. 455, 458-59 (D.N.J. 1989)). Thus, the court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Carteret, 954 F.2d at 142 n.1.

Here, Plaintiff has demonstrated that this Court has personal jurisdiction over Defendant because he consented to the jurisdiction of this Court in his employment agreement. "[B]ecause the personal jurisdiction requirement is a waivable right," a litigant may consent to the personal jurisdiction of the court. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n.14 (1985). A contractual forum selection clause is one way to do so. Id. The enforcement of such clauses "does not offend due process" if the clauses "have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust.'" Id. (quoting The Bremen v. Zapata

3

Off-Shore Co., 407 U.S. 1, 15 (1972)).[1]  "A forum selection clause is presumptively valid and enforceable, unless the party resisting enforcement can 'make a strong showing, either that the forum thus selected is so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court, or that the clause was procured through fraud or overreaching.'" Int'l Bus. Software Solutions, Inc. v. Sail Labs Tech., 440 F. Supp. 2d 357, 362 (D.N.J. 2006) (quoting Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1219 (3d Cir. 1991)).

Defendant does not argue that the forum selection clause was procured through fraud or overreaching or that it is so burdensome as to deprive him of his day in court.  Rather, he argues that the forum selection clause should not be enforced because it is not exclusive or mandatory; because Plaintiff was not a party to the contract; and because Plaintiff breached the contract.  The Court is not persuaded by these arguments.

Defendant, citing Chisso America, Inc. v. M/V HANJIN OSAKA, 307 F. Supp. 2d 621 (D.N.J. 2003), argues that the forum selection provision in his employment agreement is unenforceable because it is not mandatory or exclusive.  This argument is misplaced.  In Chisso, the defendants sought to enforce a forum selection provision in order to have the case dismissed. 307 F. Supp. 2d at 622.  The Chisso court found that the forum selection provision was mandatory and exclusive, and therefore that the plaintiff could not pursue the case in its chosen forum.  Id. at 624.  Here, by contrast, Defendant is seeking dismissal based on the argument that the case could have been brought elsewhere.  The issue before this Court is not, as it was in

---

[1] "In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995).

Chisso, whether the case could only have been brought in another jurisdiction. Rather, the issue is whether Plaintiff may bring its case in this court. The forum selection clause need not be mandatory to allow Plaintiff to bring its case in the forum to which Defendant consented.

Defendant next argues that the forum selection provision in his employment contract is unenforceable because Plaintiff is not a party to that contract. However, in New Jersey, "contract rights and obligations may be freely assigned in the absence of some express contractual prohibition." J.H. Renarde, Inc. v. Sims, 711 A.2d 410, 412-13 (N.J. Super. Ct. Ch. Div. 1998) (citing Aronsohn v. Mandara, 484 A.2d 675, 678 (N.J. 1984); Restatement (Second) of Contracts § 317(2)(c)) (finding "purchaser of a business may enforce a promise not to compete previously made by an employee of that business to the seller of the business"). Here, not only is there no express contractual prohibition of assignment, but there is in fact a provision which states that the agreement will be binding on and inure to the benefit of the parties' assigns. Moreover, Plaintiff is a party to the Amendment, in which Defendant expressly agreed that he would be bound by the restrictive covenants in the KIE contract. Therefore, the fact that Plaintiff was not a party to the original employment agreement does not prevent Plaintiff from seeking to enforce the restrictive covenants.

Finally, Defendant argues that Plaintiff cannot enforce the forum selection provision in the employment agreement because Plaintiff breached the agreement. Defendant offers no authority to support the proposition that a party may avoid a forum selection clause by claiming the other party breached the contract. If a party could so easily avoid enforcement of a forum selection clause, the clause would become "wholly superfluous" and the result would "run[] counter to the law favoring forum-selection clauses." Texas Source Group, Inc. v. CCH, Inc.,

967 F. Supp. 234, 237 (S.D. Tex. 1997); see also Soil Shield Int'l v. Lilly Indus., Inc., No. C 98-1353, 1998 WL 283580, at *3 (N.D. Cal. May 29, 1998) ("The forum selection clause is not a substantive promise under the contract whose performance can be excused if one party breaches.").

### B. Venue

Venue is proper in this district because Musselwhite has consented to it. Generally, in a diversity action, venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (2006). However, "[l]ike personal jurisdiction, an objection to venue may be waived." Park Inn Int'l, L.L.C. v. Mody Enters., Inc., 105 F. Supp. 2d 370, 375 (D.N.J. 2000) (finding defendants waived objection to venue where contract contained valid, enforceable forum selection clause); see also NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp. 2d 317, 320 (D.N.J. 1998) ("Defendant . . . waived any opposition to improper venue when it agreed to the forum selection clause in the Master Equipment Lease, which governs a substantial portion of each of Plaintiff's four claims."). Pursuant to the forum selection clause in the employment agreement, Musselwhite waived the defense of improper venue, and this Court has already determined that this forum selection clause is enforceable. Therefore venue is proper in the District of New Jersey.

### C. Failure to State a Claim for Breach of Contract

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a 12(b)(6) motion, the Court must "accept all factual allegations [in the complaint] as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). However, the complaint must do more than "allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007)).

The Court finds that Plaintiff's complaint adequately states a claim for breach of contract. In order to state a claim for breach of contract, a plaintiff must allege "that the parties entered into a valid contract, that the defendant failed to perform his duties under the contract and that plaintiff sustained damages as a result." Lincoln Harbor Enters., LLC v. M.Y. Diplomat, No. 08-526, 2008 WL 5046787, at *5 (D.N.J. Nov. 21, 2008) (quoting Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007)). Plaintiff's complaint has alleged these elements and sufficient facts to suggest that there was a contract (Compl. at ¶¶ 1, 22-35 and 53), that Defendant breached the contract (id. at ¶¶ 2, 5, 6, 8, 40-43 and 54-56), and that Plaintiff suffered or will suffer damages as a result (id. at ¶¶ 3, 8, 9 and 57).

The Court is not persuaded by Defendant's argument that the Complaint fails to state a claim for breach of contract. First, Defendant argues that Plaintiff's complaint fails to state a

7

claim because Plaintiff was not a party to the original employment agreement.  This Court has already addressed Defendant's argument that Plaintiff was not a party to the employment agreement and found that this fact does not preclude Plaintiff, as an assignee, from seeking to enforce the employment agreement.

      Second, Defendant argues that the Amendment to the employment agreement is "is incomplete, has been materially breached, and shows a failure of consideration, all on its face." (Def.'s Brief at 10.)  This argument is based primarily on Section 2 of the Amendment, which deletes the compensation provision of the original agreement and states, "[Kelstar] and [Musselwhite] agree to hereafter acknowledge, by executing an Appendix to this First Amendment or other form of writing reflecting such compensation terms as they may from time to time agree upon (the 'Compensation Plan')." (Compl. Ex. B at ¶ 2.)  Defendant states that because there is no Compensation Plan appended to the Amendment, the Amendment is incomplete, has been materially breached and shows a failure of consideration.  This allegation seems to be based only on the fact that the Compensation Plan was not attached to Exhibit B of Plaintiff's Complaint.  The failure to attach the Plan to the exhibit does not demonstrate that Plaintiff never provided the Plan.  Whether Plaintiff ever provided Defendant with the Compensation Plan is a matter that goes beyond the allegations in the complaint and the documents attached thereto; therefore, Defendant's argument is inappropriate at this stage of the proceedings.  See City of Pittsburgh v. West Penn Power Co.,147 F.3d 256, 259 (3d Cir. 1998) ("When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.").

Defendant further argues that Plaintiff misled him by promising him commissions on the sale of products, failing to pay commissions for certain products, and failing to disclose that it was not paying commissions for these products. Finally, Defendant argues that Plaintiff materially breached its obligation to compensate him by "padding" its costs when computing his commissions. These arguments not appropriate in the context of a motion to dismiss because they go beyond the allegations in the complaint and the documents attached to the complaint.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied. An accompanying order shall issue today.


Dated:   6-22-09                                      /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge