(Not for publication)                                                (Docket Entry No. 41)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                            :
ACTEGA KELSTAR, INC.,                       :
                                            :
                        Plaintiff,          :        Civil No. 09-1255 (RBK/JS)
                                            :
            v.                              :        **OPINION**
                                            :
JAMES ROSS MUSSELWHITE,                     :
                                            :
                        Defendant.          :
_____              :

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Plaintiff ACTEGA Kelstar, Inc. ("Kelstar") for leave to file an amended complaint.  Kelstar seeks to amend its complaint to add claims against a new defendant, Sigma Coatings, Inc. ("Sigma").  In addition, Kelstar seeks to add a claim against Defendant James Ross Musselwhite ("Musselwhite") for tortious interference with prospective economic advantage.  Musselwhite opposes the proposed amendment.  For the reasons set forth below, Kelstar's motion to amend its complaint will be granted.

## I.  BACKGROUND

Kelstar alleges that Musselwhite, its former employee, has engaged in a series of acts of unfair competition in violation of his employment agreement, including conducting business with Kelstar customers on behalf of other companies, engaging in side projects for Kelstar competitors and misappropriating Kelstar's trade secrets and confidential information.  Kelstar

1

alleges that since Musselwhite's improper conduct began, Kelstar's business has been diverted to a competitor and at least one customer has ceased doing business with Kelstar.

On March 19, 2009, Kelstar filed a complaint against Musselwhite, alleging breach of the duty of loyalty, breach of an employment contract, and misappropriation of confidential, proprietary and trade secret information.  On March 23, 2009, Kelstar moved for a temporary restraining order and preliminary injunction against Musselwhite.

Kelstar states that during the course of discovery, it learned that Musselwhite has been working for Sigma; Kelstar claims that such work constitutes a violation of Musselwhite's employment agreement with Kelstar.  Kelstar states that it gained this information through documents produced by Musselwhite and Musselwhite's deposition testimony.  Kelstar further alleges that Musselwhite has used and disclosed Kelstar's confidential information while working for Sigma.  In light of this recently discovered information, Kelstar seeks to amend its complaint.  Kelstar seeks to add claims against Sigma for misappropriation of confidential information, tortious interference with contractual relations, and tortious interference with prospective economic advantage.  In addition, Kelstar seeks to add a claim of tortious interference with prospective economic advantage against Musselwhite.

## II.  STANDARD

A plaintiff may amend its complaint after a responsive pleading has been filed "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.  As the Supreme Court has explained,

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

2

virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

## III.  DISCUSSION

The Court finds that leave to amend is proper.  The Court notes that Musselwhite opposes Kelstar's motion to amend on four grounds, but finds that Musselwhite has not demonstrated sufficient reason to deny Kelstar's motion.

First, Musselwhite argues that "Kelstar's seeking to bring Sigma into this litigation is obviously designed to interfere with Musselwhite's right to seek gainful employment." However, Musselwhite offers no facts to support this allegation, and the Court finds that it is not obvious that Kelstar has an improper motive in seeking to amend its complaint.

Second, Musselwhite argues that Kelstar's President admitted in his deposition that Kelstar had not lost any sales or customers as a result of Musselwhite's conduct.  However, when a plaintiff seeks to amend its complaint, the court does not evaluate whether the plaintiff has sufficient evidence to support its claims; rather the court examines whether the complaint is sufficient to withstand a motion to dismiss.  See Eisai Co., Ltd. v. Teva Pharm. USA, Inc., 247 F.R.D. 445, 450-51 (D.N.J. 2007); see also Foman, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

Third, Musselwhite argues that delay "appears to be the motivation for Kelstar's Motion to Amend."  Again, Musselwhite does not offer facts to show that Kelstar has an improper motive in seeking to amend its complaint.

Fourth, Musselwhite argues that the issue of personal jurisdiction over Sigma will cause additional delay.   However, only Sigma may raise the issue of the court's personal jurisdiction over it, and Sigma may choose not to contest this issue.  See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.").  The possibility that Sigma may argue that this Court lacks personal jurisdiction over it is not a reason to deny Kelstar's motion to amend.

In sum, the Court finds that there is no indication that Kelstar's motion to amend its complaint will cause undue delay, is motivated by bad faith or a desire to delay the proceedings, will cause undue prejudice to Musselwhite, or will be futile.  The Court further finds that Musselwhite has not offered any other sufficient reason to deny the motion to amend.  Therefore, Kelstar's motion to amend is granted.  An accompanying order shall issue today.

Dated: 7-17-09                                     /s/ Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge